FÉLIX MATOS-BERNIER, Plaintiff and Appellant, *v.* ADELAIDA CORONAS ET AL., Defendants and Appellants.

Nos. 4101 and 4103.   Argued June 7, 1928.—Decided June 27, 1928.

*Erasto Arjona Siaca* and *Carlos J. Torres* for the appellants.   *Francisco Parra Capó* and *L. Lloréns Torres* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The property in suit is the house and lot at No. 7 Simón Moret St. of the city of Ponce which was purchased by Adelaida Coronas Fernández by public deed of 1878, while she was the wife of Vicente Gómez Gallero, recorded in her favor in the registry of property in 1884.   After becoming a widow

she executed a deed of sale to that property in Spain in 1921 in favor of Arturo Carreras Delgado wherein she stated that she had bought the frame house and lot in 1878 and that in 1882 the house was substituted by a brick house; that it belonged to her exclusively because she acquired it with a part of the money inherited from her father, and that in 1884 she had sold it with the consent of her husband to Arturo Carreras, but did not give him a deed for reasons beyond her control. As it did not appear from the registry that the property was a separate property of the wife, in another deed executed in Spain in 1923 Adelaida Coronas and her son Vicente Gómez Coronas, the sole heir of his father Juan Gómez Gallardo, referred to the deed of 1921 and ratified that sale, the property being recorded in the name of Arturo Carreras on January 18, 1924. Three months after this record, by a deed of April 23, 1924, Arturo Carreras Delgado sold the said property to Sergio León Lugo and in his name the third and last record of that property was made on May 12, 1924.

In June of 1924 Félix Matos Bernier brought an action against Adelaida Coronas, Benito Zalduondo, Arturo Carreras and Sergio León Lugo alleging that the said property, which is described in the complaint, belonged to him because he had purchased it in the last months of 1918 and the first months of 1919 from Adelaida Coronas through her resident attorney in fact, Benito Zalduondo, but the sale was not raised to a public deed because of certain defects which appeared from the registry of property according to reports of the notary in charge of the deed, notwithstanding which he took possession of the property, and as the house was totally destroyed by the earthquakes which occurred in this island about October 11, 1918, he built and repaired the house with his own money at an outlay of about $5,000; that he purchased the property for $3,000 which by order of the attorney in fact of the vendor remained at his disposal in the possession of the plaintiff until the corresponding deed should be signed, and that subsequently he demanded of the attorney

in fact of Mrs. Coronas that a deed of that purchase and sale be executed in his favor, but it has not been done either by him or by Mrs. Coronas.

As a second cause of action those allegations were reproduced and the following added: That on learning of the improvements made to the house by the plaintiff Zalduondo conspired with his brother-in-law, Arturo Carreras, and with his principal, Adelaida Coronas, to despoil the plaintiff of that property and they dissemblingly and falsely made it appear in a deed said to have been executed in 1923 that Adelaida Coronas had sold that property to Arturo Carreras in 1884, the truth being that Carreras had never been the owner of it; that Sergio León Lugo, Zalduondo and Carreras continued that conspiracy for the purpose of depriving the plaintiff of the property, and knowing that he is its owner and has been in possession of it with that title since 1919, executed the other deed whereby Carreras sold the said property to León Lugo for $3,600, that price being fictitious, and that on the strength of that purchase Sergio León Lugo brought unlawful detainer proceedings against the plaintiff, which, being known by the public and by the family of the plaintiff, have caused him sufferings. As a third and last cause of action the foregoing allegations are considered as reproduced and it is alleged that those acts of the defendants have caused damages to the plaintiff in the sum of $10,000. On these allegations the plaintiff prayed for judgment in his favor ordering Adelaida Coronas to execute the deed of sale to him; declaring void the sale made by Carreras and by Sergio León; directing the cancellation of their records in the registry of property, and that the defendants pay to him the sum of $10,000 as damages.

The only defendant who answered the complaint was Sergio León Lugo. He opposed it and alleged as defense that he was a third person by having purchased from the person who appeared as the owner of record, there being in the registry no entry in favor of the plaintiff informing him

that he was the owner and possessor of the property; that he paid in the presence of a notary the purchase price and did not conspire with anybody in the purchase, and he prayed for judgment in his favor to the effect that he is the sole and lawful owner of the property and that the plaintiff place it at his free disposal.

Adelaida Coronas was not summoned and Carreras and Zalduondo defaulted. The case went to trial and judgment was rendered sustaining the complaint as to Benito Zalduondo and Arturo Carreras Delgado, ordering them jointly and severally to pay to the plaintiff the sum of $4,265.69 for the amount expended on the property by the plaintiff, and dismissing the complaint as to those two defendants in all other particulars. The complaint was also dismissed in every respect as against Sergio León Lugo who was declared to be the sole and lawful owner of the property in good faith and with a just title, and the plaintiff was ordered to leave the property at the free disposal of Sergio León Lugo.

From that judgment the plaintiff took the appeal which has been heard in this Supreme Court under No. 4101, stating in his notice that he appealed from the following pronouncements: First, that dismissing the complaint in all of its parts in regard to defendant Sergio León Lugo; second, that sustaining the defenses interposed by Sergio León Lugo; third, that declaring that Sergio León Lugo is the sole and lawful owner of the property in good faith and with just title; fourth, that ordering plaintiff Félix Matos Bernier to leave the property in litigation at the free disposal of said defendant Sergio León Lugo; fifth, that dismissing the complaint in all of its parts in regard to defendants Arturo Carreras and Benito Zalduondo with reference to the damages suffered by plaintiff Félix Matos Bernier in addition to the sum of $4,265.69 expended by him on the property in suit.

Zalduondo and Carreras also took the appeal filed under No. 4103 in this court, but they have submitted no briefs and therefore these appeals are dismissed.

Although the appellant assigns fifteen errors against the judgment appealed from we need not consider them separately because all of them refer to three fundamental questions, namely, for not having adjudged damages against Zalduondo and Carreras in addition to the $4,265.69 expended by the plaintiff on the house; in not having adjudged damages against Sergio León Lugo, and third, in having held that Sergio León Lugo is the owner of the property and it should be delivered to him by the plaintiff.

Having dismissed the appeal of Zalduondo and Carreras from the judgment for the plaintiff and against them for the sum of $4,265.69 as the amount expended by the appellee on the house in question, that pronouncement against them becomes final and it only remains to consider in this respect whether they should have been adjudged also to pay the $10,000 claimed as damages, or a part of it.

In his third cause of action the plaintiff only claimed that sum as indemnity without specifying in what the damages consisted and at the trial he presented no evidence thereof, it appearing therefrom only that the plaintiff is a well known writer and that the unlawful detainer proceeding brought against him by Sergio León Lugo after the sale of the house to him, which was dismissed without costs, caused him sufferings and an expenditure of $800 for his defense in that action.

In view of the foregoing the lower court did not err in not requiring Zalduondo and Carreras to make compensation for these damages, nor in not assessing damages against Sergio León Lugo, for, as we shall see later, he brought the action of unlawful detainer as owner of the property.

At the end of 1918 and the beginning of 1919 Benito Zalduondo, calling himself the attorney in fact of Adelaida Coronas who resided in Spain, corresponded with Félix Matos Bernier for the purpose of selling to him the property in litigation, they agreeing on the price, which has never been paid by Matos, nor has the corresponding deed been

executed; but pending the execution of the deed Matos Bernier agreed to rent the house and send the rent money to Zalduondo, and this he did at least until February 25, 1920, when the appellant wrote a letter to Zalduondo saying that he had rented the house and forwarded the rent money to him. Some time thereafter Matos Bernier repaired the house on his own account and believing himself to be the owner of it by his negotiation with Zalduondo, moved into it with his family. That was the state of things when the sale to Carreras was recorded and when some time later the sale to Sergio León Lugo was also recorded.

No evidence has been introduced in this action to show that Zalduondo had express power from Adelaida Coronas to sell her property or that she had had anything at all to do with the negotiations between Zalduondo and Matos Bernier.

With respect to Sergio León Lugo, there was no evidence that he had knowledge of the negotiations between Zalduondo and Matos Bernier when he bought the house and lot, of which he learned after he had given notice of his purchase to Matos Bernier who was occupying the house as tenant, as informed by Zalduondo and Carreras. Nothing appears from the registry that would prevent Carreras from selling the house and lot recorded in his name by title of purchase, and therefore we can not hold that the court below erred in finding that Sergio León Lugo purchased the property and paid the purchase price before the notary who authenticated the deed, in good faith and with just title thereto. There was also no error in ordering, as prayed by defendant León Lugo in his answer, that Matos Bernier leave that property at the free disposal of purchaser León Lugo.

As the action was tried in Ponce and Zalduondo and Carreras lived in San Juan, as well as other witnesses whose testimony defendant Lugo wanted to use, depositions of those witnesses were taken and their admission at the trial was objected to by the appellant, this being one of the grounds of his appeal. Not only did the Municipal Court of San

Juan, which was commissioned to take the depositions, duly inform the District Court of Ponce of the day set for taking them so that counsel for the parties could be notified, which is supposed to have been done, as there is no evidence to the contrary, but one of the attorneys for the appellant admitted at the trial that the notice was given, insisting, however, in his objection because no copy of the interrogatories to be put to the witnesses had been delivered to him. But that requisite was unnecessary because the Law of Evidence which prescribes that requisite for depositions to be taken outside of this island does not do so in the case of depositions taken here, as may be seen from sections 139 and 144 of that law.

It is also alleged by the appellant that the court below erred in not applying to this case section 455 of the Civil Code which is found in the chapter treating of the effects of possession and according to which the necessary expenses are refunded to every possessor, but only the possessor in good faith may retain a thing until such expenses are satisfied, etc., from which it is deduced that, possessing the house in good faith by virtue of his negotiations with Zalduondo, he has a right to retain it until the sum spent by him on it is paid to him.

We have seen that although Zalduondo told Matos that he was the attorney in fact of Adelaida Coronas, it has not been proved that he really was, or that he had express power to sell it in her name and that the property was bought by Mrs. Coronas while married, and the registry does not show the source of the purchase money and therefore the property is community property, in spite of which Matos was negotiating with Zalduondo as the attorney in fact of only one of the joint owners and therefore the possession of the property by Matos can not be considered in good faith against the owners and therefore he has no right to retain the property against its actual owner until the sums spent on the property are paid to him. But even supposing that he was

a third person in good faith, yet he would have no right to retain the property as against Sergio León Lugo in accordance with the case of *Huyke* v. *Arrese,* 12 P.R.R. 370, because, as said there, the provisions of section 455 of said code are not applicable to persons possessing the character of third persons by reason of acquisition under the Mortgage Law, and even though he may have possessed in good faith, he has no action as against a third person who was the purchaser, because there was no real encumbrance on the property.

For the foregoing reasons appeal No. 4103 taken by Zalduondo and Carreras must be dismissed, and the appeal taken by Félix Matos Bernier under No. 4101 must be dismissed and the judgment appealed from must be affirmed as to the same.

Mr. Justice Texidor took no part in the decision of this case.